IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**RONNIE M. MULLINS,**

    **Plaintiff,**

**v.**                                 **CASE NO. 2:04-cv-01095**

**JO ANNE BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court are the parties' cross-motions for judgment on the pleadings.

Plaintiff, Ronnie M. Mullins (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on March 2, 2003, alleging disability as of February 28, 2003, due to multiple sclerosis. (Tr. at 58-61, 77, 199-203.) The claims were denied initially and upon reconsideration. (Tr. at 28-32, 35-36, 205-09,

210-11.)  On August 7, 2003, Claimant requested a hearing before an Administrative Law Judge ("ALJ").  (Tr. at 37.)  The hearing was held on December 4, 2003, before the Honorable Theodore Burock.  (Tr. at 216-53.)  By decision dated April 21, 2004, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 14-21.)  The ALJ's decision became the final decision of the Commissioner on August 5, 2004, when the Appeals Council denied Claimant's request for review.  (Tr. at 5-8.)  On October 8, 2004, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability.  See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. §§ 404.1520, 416.920 (2004).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  Id. §§ 404.1520(a), 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful

employment.  Id. §§ 404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. §§ 404.1520(c), 416.920(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. §§ 404.1520(d), 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. §§ 404.1520(e), 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 15.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairment of multiple sclerosis. (Tr. at 17.) At the third inquiry, the ALJ concluded that Claimant's impairment does not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 17.) The ALJ then found that Claimant has a residual functional capacity for sedentary work, reduced by nonexertional limitations. (Tr. at 18.) As a result, Claimant cannot return to his past relevant work. (Tr. at 18.) Nevertheless, the ALJ concluded that Claimant could perform jobs such as telephone clerk, non-emergency dispatcher and information clerk, which exist in significant numbers in the national economy. (Tr. at 19.) On this basis, benefits were denied. (Tr. at 20.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

4

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was almost forty-nine years old at the time of the administrative hearing. (Tr. at 219.) Claimant graduated from high school and college. (Tr. at 221.) In the past, he worked as a coal mine superintendent and as a maintenance man. (Tr. at 226-27.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ incorrectly

determined that Claimant could perform fine dexterity manipulation on an occasional basis. Claimant argues that he is incapable of performing fine manipulation and that vocational expert testimony supports a finding that he is disabled because of this limitation. (Pl.'s Br. at 5-6.)

The Commissioner argues that the ALJ's determination that Claimant retained the ability to perform occasional fine manipulation is supported by substantial evidence. (Def.'s Br. at 8-12.)

The court proposes that the presiding District Judge find that the ALJ's decision is not supported by substantial evidence. At the administrative hearing, Claimant, who suffers from multiple sclerosis, testified that his hands are numb all the time and that he cannot feel things with them. (Tr. at 222.) Claimant testified that he cannot button his shirts or tie his shoelaces. (Tr. at 224.) Claimant's wife also testified that Claimant cannot button his shirts, cannot write well, has an illegible signature and has difficulty typing on the computer. (Tr. at 235, 237.)

Upon questioning by the ALJ, the vocational expert testified that if Claimant's fine manual dexterity is lacking (i.e., he cannot button his shirts, tie shoelaces and manipulate his hands), the sedentary jobs of non-emergency dispatcher, telephone quotation clerk and information clerk would be eliminated. The vocational expert explained that

> [m]ost jobs, and more particularly in an unskilled environment, most jobs in the sedentary range are going to require the use of both upper extremities and require fine manipulation ability at least at a frequent basis if not constant. So a person's total lack of an ability to perform fine manual dexterity is going to greatly erode the sedentary occupational base. And would impact on the jobs I identified in that they're going to require generally at least occasional manipulation ability to do certain types of tasks like a telephone quotation clerk, punch numbers on a telephone pad, maybe even add some additional information.

(Tr. at 243.) The vocational expert further testified that in the event a person could not perform fine manipulation and is only able to perform sedentary work, "[y]ou usually look at a retraining program to do some type of verbal communication jobs." (Tr. at 245.) Finally, the vocational expert confirmed that if the hypothetical Claimant were capable of occasional fine manipulation, the jobs earlier identified would remain. (Tr. at 246.)

In his decision, the ALJ determined that Claimant was capable of sedentary work, reduced by a number of nonexertional limitations including an occasional ability to perform activities involving fine manipulation. In evaluating Claimant's subjective complaints, the ALJ acknowledged Claimant's testimony about his inability to button his shirts, write and type on a computer. (Tr. at 17.) The ALJ found the Claimant "generally credible" without ever addressing why he apparently determined Claimant and his wife's testimony about Claimant's lack of fine manipulation was not credible. Given the fact that Claimant's case seems to turn on this issue, some explanation as to the credibility of this particular testimony is

in order.  The ALJ's "decisions should refer specifically to the evidence informing the ALJ's conclusion.  This duty of explanation is always an important aspect of the administrative charge . . . ." Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985).  Without such an explanation, the court cannot recommend that the ALJ's decision is supported by substantial evidence.

Furthermore, the ALJ stated that he afforded significant weight to the opinion of Claimant's treating physician, Naveed Ahmed, M.D., including opinions expressed in a Medical Assessment of Ability to do Work-Related Activities (Physical) completed on January 6, 2004.  (Tr. at 18.)  However, Dr. Ahmed specifically indicated in this Assessment that Claimant had limitations in reaching and handling and that Claimant "has multiple sclerosis which gets worse with fine motor activity." (Tr. at 196.)  Such an opinion from a treating source supports Claimant's subjective testimony and merits some explanation from the ALJ as to the specific weight afforded such evidence.  See 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2)(2004)(The regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge GRANT the Plaintiff's Motion for Judgment on the Pleadings to the extent he seeks remand

and otherwise DENY Plaintiff's Motion, DENY the Defendant's Motion for Judgment on the Pleadings, REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing

parties, Judge Chambers, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

<pre>
    July 19, 2005                          /s/ Mary E. Stanley
       Date                                Mary E. Stanley
                                           United States Magistrate Judge
</pre>